# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHAWN J. SENKBEIL,
          Petitioner,

v.                                                           Case No. 16-C-0567

TIMOTHY DOUMA, Warden,
New Lisbon Correctional Institution,
          Respondent.

## DECISION AND ORDER

Shawn Senkbeil, who is incarcerated at New Lisbon Correctional Institution pursuant to a judgment of a Wisconsin court, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The respondent has moved to dismiss the petition on two grounds: that it does not present a cognizable federal claim, and that any federal claim it might present has been procedurally defaulted.

## I. BACKGROUND

In 2013, the petitioner was charged with first-degree sexual assault of a child under sixteen by use or threat of force or violence. This offense was punishable by a mandatory minimum sentence of 25 years' initial confinement. On September 11, 2013, the petitioner entered a guilty plea to a lesser charge, second-degree sexual assault of a child, which did not carry a mandatory minimum. The plea took the form of an "*Alford* plea," in which the petitioner pleaded guilty but did not admit that he was guilty. *See North Carolina v. Alford*, 400 U.S. 25 (1970). The state trial court in Sheboygan County accepted the plea and found the petitioner guilty.

About two weeks later, and prior to sentencing, the petitioner moved to withdraw his plea. Under Wisconsin law, a trial court should allow a defendant to withdraw a plea prior to sentencing for any "fair and just reason," so long as the prosecution will not be substantially prejudiced. *State v. Bollig*, 232 Wis. 2d 561, 577 (2000). "Fair and just" means some adequate reason for the defendant's change of heart other than the desire to have a trial or belated misgivings about the plea. *State v. Jenkins*, 303 Wis. 2d 157, 177 (2007). Acceptable reasons include a genuine misunderstanding of the consequences of the plea, haste and confusion in entering the plea, coercion by trial counsel, and an assertion of innocence. *State v. Shanks*, 152 Wis. 2d 284, 290 (Ct. App. 1989). However, "an assertion of innocence and a prompt motion to withdraw are not in themselves fair and just reasons for a plea withdrawal, but are factors that bear on whether the defendant's proferred reason of misunderstanding, confusion or coercion are credible." *State v. Shimek*, 230 Wis. 2d 730, 740 n.2 (Ct. App. 1999).

In support of his motion to withdraw his plea, the petitioner reasserted his innocence and explained that, when he entered the plea, he was light headed, had not slept or eaten much in the four days before he pleaded guilty, was confused by his family members' conflicting advice about pleading guilty, and was overcome with stress caused by the possibility of receiving the mandatory minimum. The trial court held a hearing on the motion and then denied it. The court found that the original plea colloquy was proper and that the petitioner had knowingly, voluntarily, and intelligently entered the plea. The court rejected the petitioner's contention that, at the time of the plea, he was confused and suffering from undue stress. The court concluded that the petitioner had not shown a fair and just reason for withdrawing the plea. The petitioner then filed

a motion with the trial court to reconsider its decision, and the trial court denied that motion.

After he was sentenced, the petitioner appealed, arguing that the trial court erred in concluding that the petitioner had not shown a fair and just reason for withdrawing the plea. The petitioner did not argue that the trial court's ruling on the motion deprived him of any rights secured by the U.S. Constitution or another federal law.[1] The Wisconsin Court of Appeals affirmed. It noted that the trial court rejected the petitioner's contention that he was confused or suffering from extreme stress when he pleaded guilty, and that the petitioner had failed to show a fair and just reason for withdrawing the plea. The court of appeals also wrote the following passage, which seems to form the basis for the petitioner's claim in his federal petition:

> Senkbeil returns to his assertion of innocence and reminds us of his "swift change of heart." Maintaining one's innocence is less compelling in an *Alford* plea situation where such a claim is intrinsic to the plea. Further, an assertion of innocence and a prompt motion to withdraw are but factors for the circuit court to consider in evaluating the motion; they are not themselves fair and just reasons for plea withdrawal. *State v. Shimek*, 230 Wis. 2d 730, 740 n.2 (Ct. App. 1999).

*State v. Senkbeil*, No. 2014AP562-CR, slip op. at 3–4 (Wis. Ct. App. Oct. 22, 2014).

Senkbeil filed a petition for review in the Wisconsin Supreme Court. In that petition, Senkbeil argued that the court of appeals misapplied the "fair and just reason" standard for withdrawing guilty pleas by finding that the factor of maintaining one's innocence is less compelling in the context of an *Alford* plea. Senkbeil did not raise any federal claim or federal issue in the petition for review. The Wisconsin Supreme Court denied the petition.

---

[1] The petitioner mentioned *North Carolina v. Alford* in his appellate brief, but he did not argue that the trial court's decision violated *Alford* or any related federal cases.

In his federal petition, Senkbeil asserts one claim: that the Wisconsin courts deprived him of due process under the Fourteenth Amendment when they discounted the factor of maintaining one's innocence in the course of determining that he had not shown a fair and just reason for withdrawing his guilty plea. Senkbeil's argument is that the Wisconsin courts essentially created a different standard, which is more difficult to meet, for a defendant who wishes to withdraw an *Alford* plea as opposed to a straight guilty plea or a no-contest plea. The respondent has moved to dismiss this claim, arguing that it does not raise a federal issue and therefore is not cognizable on habeas corpus review. In the alternative, the respondent argues that the petitioner failed to exhaust any federal claim he might have by fairly presenting it to the state courts during his direct appeal, and that therefore any such claim has been procedurally defaulted.

## II. DISCUSSION

The first issue is whether Senkbeil's claim is cognizable under 28 U.S.C. § 2254. Federal habeas corpus relief does not lie for errors of state law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). Rather, to obtain relief, a state prisoner must show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." *Jones v. Basinger*, 635 F.3d 1030, 1040 (7th Cir. 2011) (quoting 28 U.S.C. § 2254(a)).

The "fair and just reason" standard for withdrawing a guilty plea is a state-law standard. It is not mandated by the U.S. Constitution or any other federal law that is binding on the states.[2] Thus, any claim that the state courts misapplied this standard in

---

[2] At various points in his briefs, the petitioner cites federal cases applying the Federal Rules of Criminal Procedure to the question of when a federal guilty plea may be withdrawn. However, the Federal Rules of Criminal Procedure are not binding on state courts, and the states are free to adopt different standards for plea withdrawals. To the extent a state chooses to adopt federal principles as part of its own law, that does not make a violation of such law also a violation of federal law that is cognizable on habeas

4

the course of adjudicating Senkbeil's case would not be cognizable on federal habeas corpus review. Senkbeil seems to concede as much. However, he argues that, in this case, the court of appeals effectively created a different, more stringent standard for a defendant who enters an *Alford* plea when it noted that such a defendant's maintaining his innocence is a "less compelling" reason for withdrawing the plea. The petitioner contends that the court's treating *Alford* pleas differently than guilty or no-contest pleas is not consistent with federal due-process principles. Thus, argues the petitioner, he has raised a federal claim that is cognizable on habeas corpus.

I am unable to perceive any way in which the state courts' disposition of the petitioner's motion to withdraw his plea might be thought to violate federal due process. The petitioner cites no federal case that would apply in this context, and I am aware of none. However, for purposes of the respondent's motion to dismiss, I will assume without deciding that the petitioner's allegation that the state courts deprived him of due process is sufficient to state a cognizable federal claim for habeas relief, and I will turn to the respondent's argument that petitioner has procedurally defaulted this claim by failing to fairly present it to the state courts.

Federal courts will not review a habeas petition unless the petitioner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings. *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015). If the petitioner has failed to fairly present his claims to the state courts, and there is no longer any available procedure for raising

---

corpus. Rather, any violation that occurs is a violation of state law only, as the states are always free to depart from non-binding federal law. Thus, the petitioner's citation to federal cases applying the Federal Rules of Criminal Procedure is not persuasive.

those claims in the state courts, then the petitioner will be said to have "procedurally defaulted" his claims. *Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013). Procedural default generally precludes a federal court from reaching the merits of a habeas claim when the claim was not presented to the state courts and it is clear that the state courts would now find the claim procedurally barred. *Id.* A procedural default may be excused, however, if the petitioner can show both cause for and prejudice from the default, or can demonstrate that the district court's failure to consider the claim would result in a fundamental miscarriage of justice. *Id.*

In the present case, the dispositive question is whether Senkbeil fairly presented his federal due-process claim to the state courts. If he did not, then his petition must be dismissed as procedurally defaulted, as Senkbeil does not contend that he may still raise such a claim in the state courts, does not assert any grounds that would support a finding of cause and prejudice, and does not contend that he qualifies for the miscarriage-of-justice exception.

To fairly present a claim to the state courts, a petitioner must present both the operative facts and the legal principles that control the claim. *Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009). Four factors bear upon whether the petitioner has fairly presented the claim in state court: (1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation. *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001). If none of

the four factors is present and the state has not otherwise signaled its satisfaction with the presentment of the federal claim, then a federal court will not consider the claim. *Id.* at 327–28. On the other hand, the presence of any one of these factors, particularly (1) and (2), does not automatically avoid a waiver. *Id.* at 328.

In the present case, the petitioner does not contend that he satisfied any of the four factors listed above. Moreover, I have reviewed his state-court briefs and have been unable to locate any citation to federal cases that engage in a due-process analysis or any citation to state cases that apply a due-process analysis to similar facts. I also have been unable to find in his state-court briefs an argument that calls to mind the due-process clause or an alleged fact pattern that is well within the mainstream of constitutional litigation. Rather, the petitioner's entire argument in state court was that the trial court improperly applied the "fair and just reason" standard, which is a question of state law.

It is true that in his petition for review in the Wisconsin Supreme Court, Senkbeil argued that the court of appeals improperly adopted a separate standard for *Alford* pleas by discounting his assertion of innocence at the plea-withdrawal stage. So he did present an argument to the Wisconsin Supreme Court that is similar to the claim he alleges in his federal petition. But the argument in his petition for review was framed in terms of state law and did not mention the Due Process Clause. Moreover, because the petitioner's federal due-process claim is novel and has not been the subject of existing federal cases,[3] the Wisconsin Supreme Court would not have been able to infer

---

[3] The petitioner himself admits that his due process claim is novel and that no existing cases have addressed his claim in terms of federal due process. Br. in Opp. at 2, ECF No. 13.

from the petition for review that Senkbeil was presenting a federal due-process claim. Thus, Senkbeil did not fairly present his federal claim to the Wisconsin Supreme Court. In any event, Senkbeil certainly did not argue to the court of appeals that its finding an assertion of innocence less compelling in the context of a motion to withdraw an *Alford* plea violated any law, state or federal. Thus, even if Senkbeil could be thought to have fairly presented his federal claim to the Wisconsin Supreme Court, he would still fail to have satisfied the fair-presentment requirement, as he did not assert his federal claim through one *complete* round of state review. *See Lewis v. Sternes*, 390 F.3d 1019, 1031 (7th Cir. 2004) (claim is procedurally defaulted if not fairly presented to intermediate appellate court, even if claim was fairly presented to state's highest court).

In short, the petitioner has procedurally defaulted the only claim he alleges in his federal petition. As he does not attempt to show cause and prejudice or that a fundamental miscarriage of justice would result if I did not consider the defaulted claim, I must dismiss his petition.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the respondent's motion to dismiss the petition is **GRANTED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 24th day of January, 2017.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge